UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TARVIE GILBERT, JR., ) | |
| ) | |
| *Plaintiff,* ) | |
| v. ) | No. 1:05-cv-99 |
| ) | *Edgar* |
| CHOO-CHOO PARTNERS II, LLC, ) | |
| CHOO-CHOO PARTNERS, L.P., and, ) | |
| HOLIDAY HOSPITALITY CORPORATION, ) | |
| ) | |
| *Defendants.* ) | |

## **MEMORANDUM**

Plaintiff Tarvie Gilbert, Jr., ("Gilbert") originally filed this action alleging employment discrimination in violation of the TENNESSEE HUMAN RIGHTS ACT ("THRA"), Tenn. Code Ann. §§ 4-21-101 to 4-21-1004, in Tennessee state court. [Doc. No. 1, Ex. A]. Gilbert is a citizen of Georgia and alleged in his complaint that all three Defendants are citizens of Tennessee. [*Id.*]. Due to complete diversity of the parties, the Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441(b). [Doc. No. 1].

Gilbert now moves to amend his complaint and remand this action to Tennessee state court. [Doc. No. 6]. Gilbert specifically seeks to amend the complaint to allege that Holiday Hospitality Corporation[1] is a citizen of Georgia, thereby defeating diversity jurisdiction and requiring remand. [*Id.*]. The Defendants do not oppose Gilbert's motion to amend his complaint to properly identify

---

[1] Though Gilbert identifies this entity as Holiday Hospitality Corporation, the entity's proper name is Holiday Hospitality Franchising, Inc. [*See* Doc No. 8, Ex. A, Buckman Aff. at ¶ 2]. The Court will refer to the entity as Holiday Hospitality Franchising ("HHF").

-1-

HHF. [Doc. No. 8 at n.1]. However, the Defendants oppose Gilbert's motion to remand, contending that Gilbert fraudulently joined HHF solely to defeat diversity jurisdiction. [Doc. No. 8]. Gilbert has not replied to the Defendants' response. However, as the time for a reply has elapsed, Gilbert's motion and the Defendants' response is ripe for review.

## I.     Background

The following facts are taken from Gilbert's complaint. In approximately 1998, the Chattanooga Choo-Choo Holiday Inn, which is owned and operated by Choo-Choo Partners, hired Gilbert as the Director of Housekeeping. In March 2004, at the age of 67, Gilbert was demoted from his position and replaced by a younger employee. Gilbert's compensation was changed from salary-based to hourly-based and his management responsibilities were replaced by physical labor. Gilbert brought this age discrimination action against the Defendants in state court, and the Defendants removed the action to this Court.

## II.    Discussion

Gilbert moves first to amend his complaint to allege that HHF is a citizen of Georgia. [Doc. No. 6]. The Defendants do not oppose this portion of Gilbert's motion. [Doc. No. 8 at n.1]. Accordingly, the Court will **GRANT** Gilbert's motion to amend his complaint to allege that HHF is a citizen of Georgia.

Given that HHF and Gilbert are both citizens of Georgia, Gilbert also moves to remand this action to Tennessee state court. [Doc. No. 6]. The Defendants vigorously oppose this portion of Gilbert's motion, contending that Gilbert fraudulently joined HHF solely to defeat diversity. [Doc. No. 8]. In *Coyne v. American Tobacco Co.*, 183 F.3d 488 (6th Cir. 1999) the Sixth Circuit succinctly addressed the affects of fraudulent joinder and the requirements to prove it:

> [F]raudulent joinder of non-diverse defendants will not defeat removal on diversity grounds. *See Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir.1994); *accord Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998) (noting that "[f]raudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity"). To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. *See Alexander*, 13 F.3d at 949. However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve "all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non removing party." *Id.* All doubts as to the propriety of removal are resolved in favor of remand. *See id.*

*Id.* at 493.

In this case, to prevent remand to Tennessee state court, the Defendants, as the removing party, must establish that Gilbert could not maintain a THRA claim against HHF, the non-diverse Defendant. In an effort to do so, the Defendants contend that THRA claims are only viable against employers and HHF was not Gilbert's employer but rather a franchisor who issued a franchise to Gilbert's employer. [Doc. No. 8].

The THRA bars employers from discriminating against employees or potential employees. Tenn. Code Ann. § 4-21-401(a)(1). Here, Gilbert was employed at the Chattanooga Choo-Choo Holiday Inn. Choo-Choo Partners owns and operates the hotel. [Doc. No. 8, Ex. A, Buckman Aff. at ¶ 2; Ex. B, Baldwin Aff. at ¶ 2]. As such, Choo-Choo Partners was Gilbert's direct employer. HHF is the franchisor for various Holiday Inn hotel franchisees. [*Id.*, Ex. B, Baldwin Aff. at ¶ 1]. HHF issued a Holiday Inn franchise to Choo-Choo Partners. [*Id.*, Ex. A, Buckman Aff. at ¶ 2; Ex. B, Baldwin Aff. at ¶ 2]. Consequently, HHF is not Gilbert's direct employer but rather the franchisor of Gilbert's direct employer. Accordingly, the crucial issue for the present purposes is

-3-

whether a franchisor, such as HHF, is an employer of a franchisee's employees in employment discrimination cases under the THRA.

In short, there is limited case law on this precise issue. The Defendants do not point to, and the Court cannot find, a Tennessee court that has considered whether a franchisor is an employer of a franchisee's employees under the THRA. And only one federal district court has addressed the issue. In *Raines v. Shoney's Inc.*, 909 F.Supp. 1070 (E.D. Tenn. 1995) employees of a Shoney's restaurant brought various claims, including a THRA claim, against the owner, manager, and franchisor of the restaurant. The court found that "a franchisor is not the employer of employees of the franchise" and, therefore, could not be liable as the plaintiffs' employer. *Id.* at 1078. The court further found that the franchisor, which had no relationship with the franchisee other than "the licensing of a franchise," could not be held liable under a principal-agent theory. Concluding that the plaintiffs could not maintain their claims against the franchisor, the court granted the franchisor summary judgment. *Id.*

That a franchisor is not an employer of a franchisee's employees finds support in several Courts of Appeals' decisions. *See Thorne v. Welk Inv., Inc.*, 197 F.3d 1205 (8th Cir. 1999); *Lockard v. Pizza Hut, Inc.*, 162 F.3d 1062 (10th Cir. 1998) *Evans v. McDonald's Corp.*, 936 F.2d 1087 (10th Cir. 1991). In *Thorne*, the court affirmed the decision of the district court, agreeing that the franchisor was not the employer of the franchisee's employees. 197 F.3d at 1210. And in *Lockard* and *Evans*, the courts explicitly held that the franchisor was not the employer of the franchisee's employees. *Lockard*, 162 F.3d at 1069; *Evans*, 936 F.2d at 1089-90.

Though *Thorne*, *Lockard*, and *Evans* do not analyze the issue in the context of employment discrimination claims under the THRA, they do so under the THRA's federal counterpart, Title VII

of the CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§ 2000e to 2000e-17. *See Thorne*, 197 F.3d at 1208; *Lockard*, 162 F.3d at 1069; *Evans*, 936 F.2d at 1089. And claims under the THRA are analyzed in the same manner as similar discrimination claims under Title VII. *Barnes v. Goodyear Tire and Rubber Co.*, 48 S.W.3d 698, 705 (Tenn. 2000); *Parker v. Warren County Utility Dist.*, 2 S.W.3d 170, 176 (Tenn. 1999); *see also* Tenn. Code Ann. § 4-21-101(a)(1). Consequently, *Thorne*, *Lockard*, and *Evans* are of significant precedential value to the instant case.

Moreover, though the Sixth Circuit has not considered the instant issue, it has an instructive decision addressing the parameters of the employer-employee relationship in the context of employment discrimination claims. In *Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990 (6th Cir. 1997), the court considered whether a university was the employer of an independent contractor's employee for claims under the AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §§ 12101 TO 12213, and the AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. §§ 621 to 634. *Swallows* recognizes "various doctrines by which a defendant that does not directly employ a plaintiff may still be considered an 'employer'" in employment discrimination suits: when the defendant and the direct employer "are so interrelated that they may be considered a 'single employer;'" when the defendant "has control over [the direct employer's] employees sufficient to show that the two companies are acting as a 'joint employer' of those employees;" or when the direct employer "was acting as the agent of" the defendant. *Id.* at 993. In these three situations a defendant who is not the direct employer of the employee is considered an employer in employment discrimination claims. *Id.*

Under the first—the "single employer" doctrine—two companies may be so interrelated that they constitute a single employer for purposes of employment discrimination claims. *Swallows*, 128

-5-

F.3d at 993. Courts consider four factors "[i]n determining whether to treat two entities as a single employer:" "(1) interrelation of operations, i.e., common offices, common record keeping, shared bank accounts and equipment; (2) common management, common directors and boards; (3) centralized control of labor relations and personnel; and (4) common ownership and financial control." *Id.* at 993-94. Though "[n]one of these factors is conclusive, and all four need not be met in every case," "control over labor relations is a central concern." *Id.* at 994.

Distinct from the single employer doctrine, the joint employer doctrine applies when "one employer, while contracting in good faith with an otherwise independent company, has retained for itself sufficient control of the terms and conditions of employment of the employees who are employed by the other employer." *Swallows*, 128 F.3d at 993 n.4 (quoting *NLRB v. Browning-Ferris Ind. of Pennsylvania, Inc.*, 691 F.2d 1117, 1122-23 (3d Cir.1982)). Consequently, "the business entities involved are in fact separate but that they *share* or co-determine those matters governing the essential terms and conditions of employment." *Id.* (emphasis in original).

Finally, to consider a defendant an employer under the agency doctrine, courts look to the common law of agency to determine whether an agency relationship exists. *Swallows*, 128 at 996 n.7. And for an employee's direct employer to be the defendant's agent in employment discrimination claims, the direct employer must be an agent with respect to employment practices. *Swallows*, 128 F.3d at 996. For example, the defendant may delegate to the direct employer "the authority to make employment decisions on its behalf." *Id.* Or the defendant may "exercise the requisite control over [ther direct employer]'s employment decisions." *Id.*

Applying these three doctrines to this case, the Court finds that HHF cannot be considered an employer of Gilbert. HHF and Gilbert's direct employer, Choo-Choo Partners, cannot be treated

-6-

as either a single employer or joint employers. HHF and Choo-Choo Partners do not share common operations, common management, common directors and boards, common ownership or financial control. HHF plays no role in the day-to-day operations of Choo-Choo Partners. [Doc. No. 8, Ex. A, Buckman Aff. at ¶ 3; Ex. B, Baldwin Aff. at ¶ 3]. HHF has no input or oversight of Choo-Choo Partners' employment policies, procedures, rules, or decisions, including hiring, firing, promotion, demotion, or compensation. [*Id.*, Ex. A, Buckman Aff. at ¶¶ 3, 4, 5; Ex. B, Baldwin Aff. at ¶¶ 3, 4, 5]. Further, Choo-Choo Partners cannot be deemed an agent of HHF. HHF has not delegated to Choo-Choo Partners any employment decisions on its behalf; nor does HHF maintain control over Choo-Choo Partners' employment decisions. In fact, according to the terms of the Franchise License Agreement, no agency or employment relationship exists between HHF and Choo-Choo Partners. [*Id.*, Ex. B, Baldwin Aff. at ¶ 3]. Simply put, HHF is solely the franchisor for Choo-Choo Partners. [*Id.*, Ex. A, Buckman Aff. at ¶ 2; Ex. B, Baldwin Aff. at ¶ 2, 3]. HHF cannot be considered Gilbert's employer under any of the three doctrines noted in *Swallows*.

In light of *Raines*, *Thorne, Lockard*, *Evans*, and the Court's conclusion that HHF does not satisfy any of the three doctrines enunciated in *Swallows*, the Court finds that HHF is not Gilbert's employer under the THRA. Consequently, Gilbert could not have established a THRA claim against HHF. Pursuant to *Coyne*, 183 F.3d at 493, the Court finds that Gilbert joined HHF solely to defeat diversity jurisdiction. Accordingly, despite HHF's status as a non-diverse defendant, the Court will **DENY** Gilbert's motion to remand.

A separate order will enter.

                                                    */s/ R. Allan Edgar*
                                                    R. ALLAN EDGAR
                              CHIEF UNITED STATES DISTRICT JUDGE