UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TARVIE GILBERT, JR., | ) |
| *Plaintiff,* | ) |
| v. | ) No. 1:05-cv-99 |
| | ) *Edgar* |
| CHOO-CHOO PARTNERS II, LLC, | ) |
| CHOO-CHOO PARTNERS, L.P., and, | ) |
| HOLIDAY HOSPITALITY CORPORATION, | ) |
| *Defendants.* | ) |

**MEMORANDUM**

**I.     Introduction**

Tarvie Gilbert, Jr. ("Gilbert") moves this Court to reconsider its previous denial of his motion to remand this action, pursuant to Fed. R. Civ. P. 60(b). [Doc. No. 12]. Originally Gilbert filed this action in Tennessee state court alleging a violation of Tennessee state law. [Doc. No. 1, Ex. A, Complaint]. Because Gilbert's complaint alleged that Gilbert is a citizen of Georgia and all three Defendants are citizens of Tennessee, the Defendants removed the action to this Court based on complete diversity. [Doc. No. 1]. Gilbert moved to amend his complaint to identify Holiday Hospitality Corporation ("Holiday") as a citizen of Georgia and to remand this action to Tennessee state court. [Doc. No. 6].

The Court granted Gilbert's motion to amend his complaint to properly identify Holiday as a citizen of Georgia. [Doc. Nos. 9, 10]. Although this amendment meant that Gilbert and Holiday were citizens of the same state, the Court held that such an amendment did not deprive this Court of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a) because the Court found that Gilbert joined Holiday solely to defeat diversity jurisdiction. [Doc. Nos. 9, 10]. As Gilbert

argues in his motion to reconsider [Doc. No. 12], the Court did not consider, however, the limitations on removal pursuant to diversity jurisdiction imposed by 28 U.S.C. § 1441(b). The Court does so now and concludes that § 1441(b) requires that this action be remanded to Tennessee state court.

**II.     Analysis**

When a plaintiff files in state court a civil action over which the federal courts have original jurisdiction, a defendant may remove the action to the appropriate federal district court. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), federal courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states . . . ." 28 U.S.C. § 1332(a). Such is commonly referred to as diversity jurisdiction. *See, e.g.*, *Exxon Mobil Corp. v. Allapattah Svcs., Inc.*, ---U.S.---, 125 S.Ct. 2611, 2617 (2005).

Title 28 U.S.C. § 1441(b) imposes a limitation on actions removed pursuant to diversity jurisdiction: "such action[s] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); *accord First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 461 n.3 (6th Cir. 2002). This "forum defendant" rule "reflects the belief that [federal] diversity jurisdiction is unnecessary because there is less reason to fear state court prejudice against the defendants if one or more of them is from the forum state." Erwin Chemerinsky, *Federal Jurisdiction* § 5.5, at 345 (4th ed. 2003). Accordingly, even if there is complete diversity among the parties, the presence of a properly joined and served resident defendant bars removal. 28 U.S.C. § 1441(b); *accord Spencer v. U.S. Dist. Court for N. Dist. of Cal.*, 393 F.3d 867, 870 (9th Cir. 2004); *Motion Control Corp. v. SICK, Inc.*, 354 F.3d 702, 705-06 (8th Cir. 2003); *Fed. Nat'l Mortgage Ass'n v. LeCrone*, 868 F.2d 190, 194

(6th Cir. 1989); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Plastic Moldings Corp. v. Park Sherman Co.*, 606 F.2d 117, 119 n.1 (6th Cir. 1979).

Turning to the instant case, § 1441(b) requires that this action be remanded to Tennessee state court. Gilbert originally filed this action in Tennessee state court. [*See* Doc. No. 1, Ex. A, Complaint]. The Defendants Choo-Choo Partners, L.P. ("Choo-Choo") and Choo-Choo Partners II, LLC ("Choo-Choo II") are both admittedly citizens of Tennessee. [*See* Doc. No. 1, Ex. A, Complaint at ¶¶ 3, 4; Doc. No. 2, Answer at ¶¶ 3, 4]. Both Choo-Choo and Choo-Choo II are properly joined and were properly served. [*See* Doc. No. 1, Ex. A, Summons]. Indeed, neither Choo-Choo nor Choo-Choo II argue that they were fraudulently joined or that they were improperly served. [*See* Doc. Nos. 8, 13]. Because Choo-Choo and Choo-Choo II are properly joined and served resident defendants, § 1441(b) bars removal of Gilbert's action to this Court. Accordingly, this Court lacks subject matter jurisdiction over Gilbert's action, and 28 U.S.C. § 1447(c) mandates that this case be remanded to Tennessee state court.

In sum, because the Court failed to properly consider the limitations on removal pursuant to diversity jurisdiction imposed by 28 U.S.C. § 1441(b), the Court will **GRANT** Gilbert's motion to reconsider the Court's earlier denial of Gilbert's motion to remand [Doc. No. 12]. Upon reconsidering Gilbert's motion to remand in light of the limitations imposed by § 1441(b), the Court concludes that § 1441(b) bars removal. Accordingly, the Court will **REMAND** this action to the Tennessee state court from which it was removed.

A separate order will enter.

                                             */s/ R. Allan Edgar*
                                               R. ALLAN EDGAR
                                 CHIEF UNITED STATES DISTRICT JUDGE